UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1 LLC, <br><br> Defendant. | Case No. 2:16-cv-01827-JCM-PAL <br><br> ORDER |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to dismiss. (ECF No. 13). Plaintiff Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities Inc., asset-backed pass-through certificates, series 2004-R8 ("Deutsche Bank") filed a response (ECF No. 14), to which SFR replied (ECF No. 15).

Also before the court is SFR's motion to certify a question of law to the Nevada Supreme Court. (ECF No. 16). Deutsche Bank filed a response (ECF No. 17), to which SFR replied (ECF No. 18).

**I.     Facts**

This case involves a dispute over real property located at 9302 Orchid Pansy Avenue, Las Vegas, Nevada 89148 (the "property").

On January 10, 2003, Alan Heck obtained a loan in the amount of $259,000.00 from Ameriquest Mortgage Company to purchase the property, which was secured by a deed of trust recorded on July 9, 2004. (ECF No. 1). The deed of trust was assigned to Deutsche Bank via a corporate assignment of deed of trust recorded February 28, 2012. (ECF No. 1).

On April 24, 2012, Asset Management Services ("AMS") acting on behalf of The Villas Community Association (the "HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1). On February 11, 2014, AMS recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1).

On May 7, 2014, Ocwen Loan Servicing, LLC requested a payoff for delinquent assessments from AMS on behalf of Deutsche Bank, to which AMS allegedly failed or refused to provide. (ECF No. 1). Deutsche Bank alleges that it was unable to tender the superpriority portion of the lien as a result. (ECF No. 1).

On August 20, 2014, AMS recorded a notice of trustee's sale. (ECF No. 1). On September 12, 2014, SFR purchased the property at the foreclosure sale for $56,000.00. (ECF No. 1). A foreclosure deed in favor of SFR was recorded on September 26, 2014. (ECF No. 1).

On August 1, 2016, Deutsche Bank filed a complaint against SFR, alleging three cause of action: (1) quiet title/declaratory relief; (2) injunctive relief; and (3) unjust enrichment. (ECF No. 1).

In the instant motion, SFR moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(7), arguing that Deutsche Bank failed to join an indispensable party, specifically, the HOA. (ECF No. 13).

**II.     Legal Standard & Discussion**

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

1           Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

           Here, the HOA is a necessary party to this action based on the current allegations and relief sought. The HOA has a present interest in the property because Deutsche Bank challenges the validity of the foreclosure sale and/or to equitably set aside the sale. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If the foreclosure sale is invalidated or set aside, the HOA's superpriority lien might be reinstated as an encumbrance against the property.

           "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. In particular, if Deutsche Bank "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id*. Thus, if the HOA is not a party, SFR (and Deutsche Bank) would not be able to secure the complete relief sought. *See id.*; *see also* Fed. R. Civ. P. 19(a).

           Deutsche Bank argues that, in the alternative, the court should grant a stay pending the resolution of mediation with the HOA and AMS. (ECF No. 14). More specifically, Deutsche Bank asserts that it submitted a claim to the Nevada Real Estate Division ("NRED") on April 6, 2016 and the matter is still pending. (ECF No. 14).

           However, the mediation requirements set forth in NRS 38.310 do not apply to quiet title claims. "An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013). Thus, Deutsche Bank's quiet title/declaratory relief claim is exempt from NRS 38.310 because "it requires the court to determine who holds superior

title to a land parcel." *Id.* at 559.

In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557.  The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Deutsche Bank provides no argument as to its failure to join the HOA in the instant action or reasoning as to why the pending mediation precludes Deutsche Bank's ability to join the HOA otherwise.

In light of the foregoing, the court will grant SFR's motion to dismiss without prejudice.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that SFR's motion to certify (ECF No. 16) be, and the same hereby is, DENIED as moot.

DATED THIS 28th day of February, 2017.

*/s/ James C. Mahan*
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE